IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LOGAN MAYNARD<br>419 Papermill Road<br>Newark, DE 19711<br><br>    Plaintiff,<br><br>v.<br><br>WHOLE FOODS MARKET GROUP, INC.<br>475 Wilmington-West Chester Pike<br>Glen Mills, PA 19342<br><br>    Defendant. | CIVIL ACTION NO. _____<br><br><br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT – CIVIL ACTION

Plaintiff, Logan Maynard ("Plaintiff"), by and through his undersigned attorney, for his Complaint against Whole Foods Market Group, Inc. ("Defendant"), alleges as follows:

1. Plaintiff brings this Complaint contending that Defendant has violated the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA") by failing to engage in an interactive process of determining a reasonable accommodation for his disability; by discharging Plaintiff on account of his disability and/or because Defendant regarded him as being disabled within the meaning of the ADA; and in retaliation for requesting a reasonable accommodation in connection thereto. Additionally, Plaintiff contends that Defendant violated the Pennsylvania Human Relations Act ("PHRA") 43 P.S. § 951, *et seq.*

### PARTIES

2. Plaintiff Logan Maynard is an adult American citizen residing at 419 Papermill Road, Newark, Delaware 19711.

3. Upon information and belief, Defendant Whole Foods Market is a foreign corporation that that has a registered business address of 475 Wilmington-West Chester Pike, Glen Mills, Pennsylvania 19342.

## JURISDICTION AND VENUE

4. Paragraphs 1 through 3 are hereby incorporated by reference as though the same were fully set forth at length herein.

5. On or about September 26, 2017, Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission (the "EEOC"), which was dually filed with the Pennsylvania Human Relations Commission ("PHRC"), thereby satisfying the requirements of 42 U.S.C. §2000e-5(b) and (e). Plaintiff's Charge was docketed as EEOC Charge No. 530-2017-04095. Plaintiff's Charge was filed within one hundred and eighty (180) days of the unlawful employment practice, i.e. discrimination on account of a disability.

6. By correspondence dated July 19, 2018, Plaintiff received Notice of Rights to Sue from the EEOC regarding his Charge of Discrimination, advising him that he had ninety (90) days to file suit against Defendant.

7. Plaintiff filed this matter within the relevant statutory time period.

8. Plaintiff has therefore exhausted his administrative remedies and has complied with all conditions precedent to maintaining this action.

9. This action is authorized and instituted pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*. ("ADA"),

10. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343, as it is a civil rights action arising under the laws of the United States.

11. This Court has supplemental jurisdiction over Plaintiff's state law claims because those claims arise out of the same nucleus of operative fact as the ADA claim.

12. The venue in this District is proper pursuant to 28 U.S.C. § 1391, inasmuch as the events giving rise to this action occurred in this District.

## FACTS

13. Paragraphs 1 through 12 are hereby incorporated by reference as though the same were fully set forth at length herein.

14. In or around February 2017, Defendant hired Plaintiff as a Produce Team Member. Plaintiff's job duties included assisting in the Produce Department, as needed.

15. At the time of his hiring, Plaintiff informed Defendant that he could assist with all tasks except loading due to two degenerative discs in his back that limit his movement and ability to lift.

16. Plaintiff was assured he would not be required to assist with loading and was hired.

17. Throughout the course of employment with Defendant, Plaintiff performed his job well, receiving occasional praise for his work and no discipline.

18. Approximately two weeks into his employment, Plaintiff was tasked with loading, despite Defendant being fully aware of his disability that rendered him incapable of performing this task.

19. Plaintiff advised his direct supervisor, Michael Doles ("Mr. Doles"), that he was unable to help with loading because of his degenerative discs in his back.

20. In response, Mr. Doles said Plaintiff should "try until [he] can't anymore."

21. In fear of losing his job if he failed to comply, Plaintiff assisted with loading for one week and then again informed Mr. Doles he was unable to perform this task.

22. Thereafter, on or about April 4, 2017, Plaintiff was admitted to the hospital for symptoms of MRSA. Specifically, Plaintiff was unable to walk or sit due to extreme pain and needed to have his skin lesions drained.

23. While in the hospital, Plaintiff was diagnosed with MRSA. His physician restricted Plaintiff from returning to work for approximately ten (10) days, as he was not only in extreme pain and discomfort, which effected his ability to walk and sit, but he was also highly contagious during that time.

24. Immediately thereafter, Plaintiff forwarded his physician's note to Defendant, indicating he would be unable to return to work until discharged from the hospital.

25. On or about April 12, 2017, Plaintiff was discharged form the hospital and released to return to work on or about April 17, 2017.

26. On or about April 14, 2017, just two (2) days after Plaintiff's hospital discharge and three (3) days before Plaintiff's return to work, Defendant's store manager, Eric (last name unknown) ("Eric LNU"), called Plaintiff and terminated him. In response, Eric LNU simply responded, "we have to let you go," without giving any reason.

27. Plaintiff's two degenerative discs in his back and MRSA are both disabilities within the meaning of the ADA in that they impair one or more major life activities including, but not limited to, lifting, sitting, and walking.

28. Defendant knew of Plaintiff's disability and/or regarded Plaintiff as being disabled and never offered to provide reasonable accommodations for Plaintiff's disability.

29. Accordingly, it is believed and therefore averred that Defendant terminated Plaintiff's employment on account of his disability or perceived disability, in retaliation for Plaintiff requesting an accommodation, and out of an unlawful desire to avoid providing an accommodation for Plaintiff's anticipated recovery period.

30. Defendant failed to provide Plaintiff with a reasonable accommodation for his disability and/or perceived disability and failed to engage in the interactive process to determine such reasonable accommodations.

31. As a result of Defendant's deliberate, willful, malicious, and unlawful actions, Plaintiff has suffered damages, including, but not limited to, loss of employment, earnings and earnings potential, loss of potential bonuses, and other economic damages, and has also suffered mental anguish, emotional pain and suffering, emotional distress, humiliation, and damage to his reputation.

## COUNT I
## AMERICANS WITH DISABILITIES ACT
## 42 U.S.C. § 12101, et seq.
## DISCRIMINATION AND RETALIATION

32. Paragraphs 1 through 31 are hereby incorporated by reference as though the same were fully set forth at length herein.

33. At all times relevant hereto, Plaintiff was an employee within the meaning of the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq.

34. At all times relevant hereto, Defendant had at least fifteen (15) employees.

35. Plaintiff is a qualified individual with a disability within the meaning of the ADA.

36. As described above, Plaintiff's conditions are physical impairments that substantially limited Plaintiff in one or more major life activities, including walking, standing, and lifting, among others.

37. Defendant was aware of Plaintiff's disability and/or regarded Plaintiff as being disabled.

38. Plaintiff's request to not load and/or request for medical leave to seek treatment for the above-mentioned conditions constituted a request for a reasonable accommodation.

39. By reason of the foregoing, Defendant, through its agents, officers, servants, and/or employees, has violated the ADA by terminating Plaintiff on account of his disability and/or because it regarded him as being disabled within the meaning of the ADA.

40. Defendant also failed to engage in the interactive process with Plaintiff despite Plaintiff's requests for a reasonable accommodation.

41. As a result of Defendant's deliberate, unlawful, and malicious acts as set forth above, Plaintiff has suffered loss of employment, earnings, earnings potential, raises, and other significant economic benefits, along with emotional pain and suffering, emotional distress, and humiliation.

**WHEREFORE,** as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant, and grant him the maximum relief allowed by law, including, but not limited to:

A. Back wages, front pay, and bonuses in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

B. Punitive, compensatory, and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

C. Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this matter;

D. Pre-judgment interest in an appropriate amount;

E. Such other and further relief as is just and equitable under the circumstances; and

F. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth by applicable federal law.

## COUNT II
## THE PENNSYLVANIA HUMAN RELATIONS ACT
## DISCRIMINATION AND RETALIATION

42. Paragraphs 1 through 40 are hereby incorporated by reference as though the same were more fully set forth at length herein.

43. Defendant's conduct was intentional, deliberate, willful, and conducted in callous disregard of the protected rights of Plaintiff.

44. Plaintiff is a qualified individual with a disability within the meaning of the PHRA in that he suffers from one or more medical conditions which substantially limit him in the major life activities of walking, standing, and lifting.

45. Plaintiff was/is able to perform the essential functions of her job with or without a reasonable accommodation.

46. It is believed and therefore averred that Defendant terminated Plaintiff's employment on the basis of his actual and/or perceived disabilities and in retaliation for his requests for a reasonable accommodation in connection thereto, including his request for a brief period of medical leave to undergo treatment for his disability.

47. Defendant failed to engage in the interactive process with Plaintiff with respect to providing Plaintiff with a reasonable accommodation for his disability.

48. As a result of Defendant's deliberate, unlawful, and malicious actions as set forth above, Plaintiff has suffered loss of employment, earnings, raises, other significant economic benefits, emotional pain and suffering, emotional distress and humiliation.

**WHEREFORE**, as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant, and grant him the maximum relief allowed by law, including, but not limited to:

A. Back wages and front pay in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

B. Punitive, compensatory, and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

C. Plaintiff's costs, disbursements, and attorneys' fees incurred in prosecuting this action;

D. Pre-judgment interest in an appropriate amount; and

E. Such other and further relief as is just and equitable under the circumstances.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

Dated: October 16, 2018

By: _____
Michael Murphy, Esquire
Eight Penn Center, Suite 2000
1628 John F. Kennedy Blvd.
Philadelphia, PA 19103
215.375.0961 or 267.273.1054
murphy@phillyemploymentlawyer.com
Attorney for Plaintiff

## DEMAND TO PRESERVE EVIDENCE

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to his potential claims and his claims to damages, to any defenses to same, including, but not limited to electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.